IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG A. EDMONDS, JR., | No. C 11-4320 LHK (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| ALAMEDA COUNTY DISTRICT ATTORNEY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint against Alameda County officials, pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

Order of Dismissal with Leave to Amend
P:\pro-se\sj.lhk.\cr.11\Edmonds320dwla

1 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim, a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   <u>Legal Claims</u>

      In the complaint, Plaintiff alleges that the Alameda County District Attorney's office stole some photographs of him that were sent by his mother through the mail. Plaintiff claims that around May 20, 2011, his incoming and outgoing mail began disappearing, and he had not been given notice that his mail was being withheld.

      Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). In the case of *outgoing* correspondence from prisoners to non-prisoners, however, an exception to the *Turner* standard applies. Because outgoing correspondence from prisoners does not, by its very nature, pose a serious threat to

Order of Dismissal with Leave to Amend
P:\pro-se\sj.lhk.\cr.11\Edmonds320dwla     2

1  internal prison order and security, there must be a closer fit between any regulation or practice
2  affecting such correspondence and the purpose it purports to serve.  *See id.* at 411-12.
3      As an initial matter, the court notes that local governments are "persons" subject to
4  liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see*
5  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be
6  held vicariously liable for the unconstitutional acts of its employees under the theory of
7  respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403
8  (1997).  To impose municipal liability under Section 1983 for a violation of constitutional rights,
9  a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she
10 was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate
11 indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force
12 behind the constitutional violation.  *See Plumeau v. School Dist. #40 County of Yamhill*, 130
13 F.3d 432, 438 (9th Cir. 1997).  Here, Plaintiff fails to allege that the stealing of his photographs
14 was committed pursuant to some official custom or policy.
15     Moreover, although the complaint names Defendants, Plaintiff must link each Defendant
16 to each claim by providing facts showing the basis for liability for each individual Defendant.
17 For example, plaintiff should allege which Defendants were responsible for mishandling or
18 tampering with his mail.  He should not refer to them as a group (e.g., "the Defendants"); rather,
19 he should identify each involved person by name, and link each of them to the claim(s) by
20 explaining what each Defendant did or failed to do that caused a violation of his constitutional
21 rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on
22 individual defendant under § 1983 only if plaintiff can show that a defendant proximately caused
23 deprivation of federally protected right).  Here, Plaintiff does not properly link the named
24 Defendants to any facts so as to show what each Defendant did or did not do that violated his
25 constitutional rights.
26     Accordingly, the complaint will be dismissed with leave to amend to cure the
27 deficiencies above, if Plaintiff can do so in good faith.
28

**CONCLUSION**

1. The complaint is DISMISSED with leave to amend.

2. Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (C 11-4320 LHK (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 10/21/11

*Lucy H. Koh*
LUCY H. KOH
United States District Judge