IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG A. EDMONDS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALAMEDA COUNTY DISTRICT ) <br> ATTORNEY, et al., ) <br> ) <br> Defendants. ) <br> ) | No. C 11-4320 LHK (PR) <br><br> ORDER DIRECTING <br> PLAINTIFF TO FILE AMENDED <br> COMPLAINT |

      On August 31, 2011, Plaintiff, a state prisoner proceeding *pro se*, filed a federal civil rights complaint, pursuant to 42 U.S.C. § 1983. On October 21, 2011, the Court dismissed the complaint with leave to amend, and ordered Plaintiff to file an amended complaint within thirty days, or face dismissal of this action. On November 3, 2011, the order was returned to the Court as undeliverable because Plaintiff was no longer in custody. On December 6, 2011, the Court directed Plaintiff to file a notice of intent to prosecute and provide a current address. That mail was returned as undeliverable on December 13, 2011. On January 6, 2012, the Court dismissed this action without prejudice and entered judgment. These final orders were returned as undeliverable on January 18, 2012.

      Close to one year later, on December 11, 2012, Plaintiff filed a letter requesting status of his case. (Docket No. 14.) Then, on January 16, 2013, Plaintiff filed a motion to set aside the

Order Directing Plaintiff to Filed Amended Complaint
G:\PRO-SE\SJ.LHK\CR.11\Edmonds320recon.wpd

1  order of dismissal, which this Court construes as a motion for reconsideration. In his motion,
2  Plaintiff states that, on October 21, 2011, he was transferred to San Quentin State Prison, and
3  then to San Mateo County, and back to San Quentin State Prison, where he currently is
4  incarcerated. Plaintiff alleges that he has not received any forwarded mail.

5  Rule 60(b) provides for reconsideration where one or more of the following is shown: (1)
6  mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by
7  due diligence could not have been discovered before the court's decision; (3) fraud by the
8  adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason
9  justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th
10 Cir.1993). Such a motion must be made within a "reasonable time," and as to grounds for relief
11 (1) - (3), no later than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(b).
12 "Although the application of Rule 60(b) is committed to the discretion of the district courts . . . ,
13 as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." *TCI Group*
14 *Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and
15 ellipsis omitted).

16 The Court will defer ruling on Plaintiff's motion for reconsideration unless and until he
17 files an amended complaint within thirty days, as the Court previously instructed on January 6,
18 2012. To aid Plaintiff in this endeavor, the Clerk shall mail Plaintiff a courtesy copy of the
19 Court's January 6, 2012 order dismissing the complaint with leave to amend. Should Plaintiff
20 comply with this order in a timely manner, upon receipt of Plaintiff's amended complaint, the
21 Court will grant Plaintiff's motion for reconsideration and re-open this action. If, however,
22 Plaintiff does not file an amended complaint **within thirty days** of the filing date of this order,
23 this case will remain closed.

24 IT IS SO ORDERED.

25 Dated: 4/8/13

26 LUCY H. KOH
United States District Judge

27

28

Order Directing Plaintiff to Filed Amended Complaint
G:\PRO-SE\SJ.LHK\CR.11\Edmonds320recon.wpd    2