IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CRAIG A. EDMONDS, JR., | ) | No. C 11-4320 LHK (PR) |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO RECONSIDER; RE- |
| v. | ) ) | OPENING CASE; ORDER OF DISMISSAL WITH LEAVE |
| ALAMEDA COUNTY DISTRICT ATTORNEY, et al., | ) ) | TO AMEND |
| | ) | (Docket Nos. 15, 19) |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint against Alameda County officials, pursuant to 42 U.S.C. § 1983. On October 21, 2011, the Court dismissed the complaint with leave to amend. On December 6, 2011, the Court issued an order to Plaintiff directing him to file a notice of intent to prosecute or face dismissal because the Court had received mail addressed to Plaintiff returned as undeliverable. On January 6, 2012, the Court dismissed this action without prejudice after receiving no communication from Plaintiff. On January 16, 2013, Plaintiff filed a motion to reconsider. The Court directed Plaintiff to file an amended complaint within thirty days. Plaintiff has does done so.[1] Thus, the Court GRANTS Plaintiff's motion to reconsider, and RE-OPENS this case.

For the reasons that follow however, the amended complaint is dismissed with leave to

---

[1] Plaintiff has also filed a motion to proceed in forma pauperis. Because the Court has previously granted leave on October 21, 2011, Plaintiff's motion (doc. no. 19) is DENIED as unnecessary.

Order Granting Motion to Reconsider; Re-Opening Case; Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.11\Edmonds320reo-dwla.wpd

amend.

## DISCUSSION

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

In his original complaint, Plaintiff alleged that the Alameda County District Attorney's office stole some photographs of him that were sent by his mother through the mail. Plaintiff claimed that around May 20, 2011, his incoming and outgoing mail began disappearing, and he had not been given notice that his mail was being withheld. While prisoners enjoy a First Amendment right to send and receive mail, the Court warned Plaintiff that his complaint contained several deficiencies that prevented the Court from serving his complaint. The Court mainly advised Plaintiff that he must link each Defendant to the claim by providing facts showing the basis for liability for each Defendant.

In Plaintiff's amended complaint, Plaintiff summarizes his claim as follows, "During my incarceration at Santa Rita jail my mail was comming up missing outgoing as well as incomming [sic]. I believe that the Alameda County District Attorneys Office put a hold on my mail and the Supervising Clerk Yim Chavez were all a part of this as well as the Sheriff Gregory Ahern. During several of my court appearances I asked on the record about there being a hold on my

mail and I was told that the court wouldn't get into that."

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "[A] plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).  Dismissal is proper if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff's amended complaint is conclusory and does not state enough facts to give fair notice to the Defendants as to the grounds upon which Plaintiff rests his claim. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  In his second amended complaint, Plaintiff must allege which Defendants were responsible for mishandling or tampering with his mail, and when and how each Defendant did so.

Accordingly, the amended complaint is dismissed with leave to amend to cure these deficiencies.

## CONCLUSION

1.	Plaintiff's motion to reconsider is GRANTED.  The Clerk shall RE-OPEN this action.  Plaintiff's motion to proceed in forma pauperis is DENIED as unnecessary.  The amended complaint is DISMISSED with leave to amend.

2.	Plaintiff shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above.  The second amended complaint must include the caption and civil case number used in this order (C 11-4320 LHK (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaint by reference.  **Failure to file a second amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

3. Plaintiff is advised that an amended complaint supersedes the preceding complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   5/29/13

LUCY H. KOH
United States District Judge

Order Granting Motion to Reconsider; Re-Opening Case; Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.11\Edmonds320reo-dwla.wpd   4