IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CRAIG A. EDMONDS, JR., | ) | No. C 11-4320 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE |
| v. | ) ) ) | |
| ALAMEDA COUNTY DISTRICT ATTORNEY'S OFFICE, et al., | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint against Alameda County officials, pursuant to 42 U.S.C. § 1983. On May 6, 2013, plaintiff filed an amended complaint. On May 29, 2013, the court dismissed the action with leave to amend. On June 12, 2013, plaintiff filed a letter, which this court construes as a second amended complaint. For the reasons that follow, the court orders service upon the defendants.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

§ 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff alleges that defendants worked together to deprive him of sentimental photographs that were sent by his mother through the mail. Plaintiff also claims that defendants began withholding his incoming and outgoing mail. Very liberally construed, plaintiff states a cognizable claim that his First Amendment right to send and receive mail was violated.

To the extent that plaintiff is raising a due process claim that defendants deprived him of his property, i.e., the photographs, that claim is dismissed for failure to state a cognizable claim for relief. Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990).

**CONCLUSION**

1.  The Clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint and all attachments thereto (docket no. 22), and a copy of this order to **Sheriff Gregory Ahern** and **Supervising Clerk Yim Chavez** at the **Alameda County Sherrif's Department**, and the **Alameda County District Attorney's Office**.

The Clerk of the court shall also mail a courtesy copy of the complaint and a copy of this Order to **County Counsel of Alameda County** at 1221 Oak Street, Suite 450, Oakland CA

1    94612.  Additionally, the Clerk shall mail a copy of this order to plaintiff.

2       2.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
3    requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
4    Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on
5    behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear
6    the cost of such service unless good cause be shown for their failure to sign and return the waiver
7    form.  If service is waived, this action will proceed as if defendants had been served on the date
8    that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required
9    to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
10   was sent.  (This allows a longer time to respond than would be required if formal service of
11   summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the
12   waiver form that more completely describes the duties of the parties with regard to waiver of
13   service of the summons.  If service is waived after the date provided in the Notice but before
14   defendants have been personally served, the answer shall be due **sixty (60) days** from the date on
15   which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,
16   whichever is later.

17      3.    No later than **ninety (90) days** from the date of this order, defendants shall file a
18   motion for summary judgment or other dispositive motion with respect to the cognizable claim
19   in the complaint.

20         a.    If defendants elect to file a motion to dismiss on the grounds that plaintiff
21   failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
22   defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
23   F.3d 1108, 1119-20 (9th Cir. 2003).

24         b.    Any motion for summary judgment shall be supported by adequate factual
25   documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
26   Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**
27   **qualified immunity found, if material facts are in dispute.  If defendants are of the opinion**
28   **that this case cannot be resolved by summary judgment, they shall so inform the court**

**prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7. All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 10/10/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge