IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CRAIG A. EDMONDS, JR., | ) | No. C 11-4320 LHK (PR) |
| Plaintiff, | ) ) | ORDER DIRECTING PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION TO COMPEL; ORDER TO FILE A NOTICE OF INTENT TO PROSECUTE |
| v. | ) ) ) | |
| ALAMEDA COUNTY DISTRICT ATTORNEY, et al., | ) ) ) | |
| Defendants. | ) ) | |

On August 31, 2011, plaintiff, a state prisoner proceeding *pro se*, filed a federal civil rights complaint, pursuant to 42 U.S.C. § 1983. On October 21, 2011, the court dismissed the complaint with leave to amend, and ordered plaintiff to file an amended complaint within thirty days, or face dismissal of this action. On November 3, 2011, the order was returned to the court as undeliverable because plaintiff was no longer in custody. On January 6, 2012, the court dismissed the action pursuant to Federal Rule of Civil Procedure 41(b). Over one year later, plaintiff filed a motion to set aside the order of dismissal. On May 29, 2013, the court granted plaintiff's motion and re-opened the case. On October 10, 2013, the court issued an order to serve plaintiff's amended complaint upon defendants. On January 17, 2014, the court granted defendants an extension of time within which to file their dispositive motion. On February 18, 2014, that order, sent to plaintiff, was returned as undeliverable. On March 4, 2014, defendants filed a motion to compel plaintiff to respond to interrogatories and requested that the court issue

Order Directing Plaintiff to Respond to Defendants' Motion to Compel; Order to File a Notice of Intent to Prosecute
P:\PRO-SE\LHK\CR.11\Edmonds320.41b2.wpd

an order to plaintiff to show cause why the case should not be dismissed for failure to comply with court orders.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* The court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). Furthermore, pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. *See* Civil L.R. 3-11(a).

Accordingly, it is in the interests of justice and judicial efficiency for the court to establish whether plaintiff intends to continue to prosecute this action. Plaintiff shall file a notice of his current address, and his continued intent to prosecute no later than **twenty-eight (28) days** from the filing date of this order. **Failure to do so will result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.** *See Malone*, 833 F.2d at 133. If plaintiff wishes to prosecute this case, he shall also file a response to defendants' motion to compel within **twenty-eight (28) days** from the filing date of this order. Defendants' request to vacate their deadline for filing a dispositive motion, currently due on March 31, 2014, is granted. The court shall issue a briefing schedule following plaintiff's response.

IT IS SO ORDERED.

DATED:     3/12/14

_____
LUCY H. KOH
United States District Judge

2